JOURNAL ENTRY and OPINION.
 I. {¶ 1} Defendant-appellant William R. Asad ("William") appeals the trial court's July 19, 2002 journal entry, in which the court released funds from the Cuyahoga County Support Enforcement Agency to plaintiff-appellee Janice K. Asad ("Janice") and in which the court issued a wage withholding order against William's income. The orders were made to satisfy William's spousal support arrearages. On appeal, William argues that the trial court erred and abused its discretion in issuing the two orders. For the reasons set forth below, we affirm.
 II. {¶ 2} William and Janice were married in 1970 and divorced November 21, 1995. In the final divorce decree, the court ordered William to pay Janice $1,361.70, including 2% poundage fee, per month as spousal support through May, 1996. Thereafter, William was to pay Janice $1,175 plus the 2% fee per month for four years. Starting in July 2000, William was to pay $875 per month for three years. The court ordered that all payments were to be paid through the Cuyahoga County Support Enforcement Agency (CCSEA). Further, the court ordered that the support "shall be secured by means of a support withholding and deduction notice to [William's] income source/order to post bond/order to support."
 {¶ 3} The court also ordered William to pay Janice $24,000 for attorney fees, but credited him with the payment of $10,000 from the sale of the house. Further, William was ordered to pay the $300 a month to pay off the balance "by wage order."
 {¶ 4} Further, the trial court found that William was in arrearage in the amount of $3,685 as of May 30, 1995.
 {¶ 5} William filed a motion to modify and/or terminate his spousal support obligation, after which a trial was held in front of a magistrate. On January 5, 2000, the magistrate denied William's motion and found that William was $22,740.85 in arrears as of September 3, 1999. The trial court overruled William's objections to the magistrate's decision and entered judgment on June 29, 2000 thereby adopting the magistrate's findings.
 {¶ 6} On appeal, this court affirmed the judgment of the trial court. Asad v. Asad (Dec. 13, 2001), Cuyahoga App. No. 79258. The Supreme Court did not accept William's appeal. Asad v. Asad, 2002-Ohio-2230.
 {¶ 7} After a hearing on November 9, 2001, the trial court entered an order on November 14, 2001 staying William's spousal support obligation and ordering CCSEA not to enforce the support order until a further hearing. On January 7, 2002, the trial court filed another judgment entry ordering that William's income source shall hold "lump sum payment until further order." It appears that another hearing was never held. However, on February 6, 2002, William filed a motion to release funds, to which Janice filed a brief in opposition.
 {¶ 8} The parties then briefed the issue of arrearage. William argued that the support order had been "terminated" by the court's November 14, 2001 order; that the arrearage issue had been adjudicated to a final judgment; and that the judgment was then pending before the Supreme Court. Therefore, William argued, the trial court lacked jurisdiction to enforce the spousal support award. Significantly, William raises this argument: that Janice had never filed a motion requesting the court to determine or enforce the spousal support arrearage.
 {¶ 9} As mentioned above, the Supreme Court dismissed William's appeal on May 15, 2002. Finally, on July 19, 2002, the trial court, after considering briefs of the party, ordered in relevant part:
 {¶ 10} "* * * that all funds currently held by the Cuyahoga County Support Enforcement Agency shall be immediately dispersed to [Janice]. [William] shall receive a credit in a like amount to be applied toward his spousal support arrearages.
 {¶ 11} "* * * that in order to satisfy the remainder of [William's] spousal support arrearages, his income source, Ohio Police and Fire Pension Fund shall withhold the sum of Six Hundred ($600.00) per month plus two percent (2%) poundage from [William's] disability/pension entitlement."
 {¶ 12} William now appeals this order.
 III. {¶ 13} Assignment of Error No. I: "The trial court erred and abused its discretion by releasing the funds held by the Cuyahoga (sic) Support Enforcement Agency to the Appellee Janice K. Asad."
 A. {¶ 14} William argues that the trial court's order to CCSEA is in error because the court did not have jurisdiction over the matter. The court did not have jurisdiction, William continues, because Janice never filed a motion for release of the funds held by CCSEA and because the court never held an evidentiary hearing to determine the amount of arrearage. William argues that Janice should have filed a motion pursuant to Civ.R. 75(J)[1] to re-invoke the jurisdiction of the trial court.
 {¶ 15} William informs this court that the issue of his spousal support and arrearage "has been fully adjudicated by the Judgment Entry issued on June 26, 2000" but that the trial court did not have jurisdiction over "the issue of [William's] arrears until [Janice] invokes the jurisdiction" by filing a motion with the trial court. Finally, William asserts that the trial court "lacks any jurisdiction to enforce the June 26, 2000 Judgment Entry and abused its discretion by issuing an Order on July 19, 2002 releasing funds to [Janice] and to modify the spousal support payment of [William]."
 B. {¶ 16} First, we note that William's argument pertaining to the trial court's failure to hold a hearing to determine the amount of arrearage to be completely without merit. As William himself points out in his brief, the arrearage was found by a magistrate to be $22,740.85. This finding was adopted by the trial court and was affirmed by this court. Therefore, the trial court was under no duty to hold an evidentiary hearing to determine the amount William owed. That issue was settled.
 {¶ 17} We now move to William's other argument, that the court erred by ordering CCSEA to disburse funds without first receiving a motion from Janice.
 {¶ 18} William argues that Janice's failure to file a motion with the court precluded the court from having jurisdiction over this issue. He cites to Civ.R. 75(J) which states that the "continuing jurisdiction of the [domestic relations] court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6." Because Janice never filed a motion, William continues, the court never had jurisdiction to hear the matters at issue and therefore improperly entered a judgment.
 {¶ 19} The flaw in William's argument is that the court's jurisdiction was already invoked. The court stayed enforcement of the support award on November 14, 2001 after a hearing. Then, William himself filed a motion to release the funds held by CCSEA to him. Janice responded with a brief in opposition. Finally, both parties briefed the court again before the court's July 19, 2002 order. William styled his brief as one on "the court's jurisdiction over issues of arrears." Janice styled hers as a brief "in support of jurisdiction to attach wage order on spousal support arrearage." In the final entry, the court explained that this cause came before it "on the issue of whether or not a wage withholding order could be issued in order to satisfy [William's] spousal support arrearages which had been reduced to judgment." The court mentioned that the parties had briefed the issues. Therefore, the court's "continuing jurisdiction" had been invoked to settle the arrearage issue. William had notice and an opportunity to brief the issues. This argument is not well taken.
 IV. {¶ 20} Assignment of Error No. II: "The trial court erred and abused its discretion by issuing a wage withholding order on the appellant's only income source to satisfy additional spousal support arrearages."
 {¶ 21} Here, William again argues that the court's jurisdiction was not invoked. For the reasons stated above, we find this argument not well taken.
 {¶ 22} William also argues that the trial court improperly relied for its judgment entry on a proposed entry submitted by Janice that was never served upon William's counsel. William argues that Janice's failure to serve his counsel was a violation of Loc.R. 28 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, and of his due process rights. Finally, William argues that the trial court failed to hold an evidentiary hearing to determine the appropriate amount of wage withholding.
 {¶ 23} William's argument regarding Janice's failure to submit a proposed journal entry to him is without merit. Local Domestic Relations 28 contemplates the situation of when a judge requests one party to "prepare and present" a proposed journal entry and to submit that entry to opposing counsel. Nothing in the docket suggests that the court made such a request here nor does William point to anything in the record to suggest this.
 {¶ 24} Moreover, William offers no proof that Janice sua sponte filed a proposed journal entry. This court has no way of knowing whether such action took place since it occurred, if at all, outside of the record. William's argument here violates App.R. 16(A)(3), which requires a "statement of the assignment of error presented for review, with reference to the place in the record where each error is reflected."
 {¶ 25} Finally, William's argument pertaining to the court's failure to hold an evidentiary hearing is likewise without merit. William relies on the Second District's decision in Rodgers v. Rodgers (Sep. 6, 2002), Montgomery App. No. 19003. There, the court held that the court abused its discretion when it denied the relief requested without an evidentiary hearing, after one party filed a 60(B) motion for relief from judgment. This is not the situation here. Indeed, William offers no authority for his proposition that the failure to hold an evidentiary hearing is automatically reversible error. His argument is even less persuasive when we consider that both he and Janice briefed the issues to the court and that the current payment of $600 per month is less than the original award.
 V. {¶ 26} We therefore hold that the trial court did not err in entering the July 19, 2002 journal entry. We therefore affirm.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and SEAN C. GALLAGHER, J., concur.
[1] William cites to former Civ.R. 75(I), which is now Civ.R. 75(J). We will hereinafter refer to Civ.R. 75(J).